IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEANTHONY DOMINECK | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| V. | ) | |
| | ) | 1:12-CV-03673-TWT |
| ONE STOP AUTO SHOP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S AMENDED MOTION TO SET ASIDE THE DEFAULTJUDGMENTPURSUANT TO FED.R. CIV. PROC. RULE 60(b)(4) AND BRIEF IN SUPPORT</u>**

COMES NOW, the defendant One Stop Auto Shop, Inc., by and through counsel, William H. Thomas Jr., and files this Amended Motion to Set Aside the Default Judgment Pursuant to Fed. R. Civ. Pro. 60(b)(4). In support thereof, counsel shows the following:

I.

Introduction and Statement of Facts

On May 21, 2014 the defendant filed a motion asking the court to set aside the judgment entered in this on case February 11, 2013. (Doc. 11). In that motion the defendant contends that the judgment was void because the plaintiff failed to perfect service on the defendant, and thus the court was without jurisdiction to enter a judgment against the defendant. *Id.* The factual allegations, legal

arguments and contentions set forth in the defendant's initial motion to set aside the judgment are restated and incorporated herein by reference.

On June 2, 2014 the defendant filed a motion to dismiss the complaint in this case because the plaintiff had not met the jurisdictional requirements of the Fair Labor and Standards Act ("FLSA"), and thus this court was without jurisdiction to address plaintiff's claims. (Doc. 12). The factual allegations, legal arguments, contentions and exhibits set forth in the defendant's motion to dismiss are restated and incorporated herein by reference. The defendant contends here that as the court was without subject matter jurisdiction over his initial claim, the resulting judgment entered against the defendant by this court is void and should be set aside.

II.

MEMORANDUM OF LAW

Fed. R. Civ. Pro. 60(b)(4) provides in part that a court may "relieve a party or its legal representative from a final judgment, order or proceeding" if the judgment is void. A judgment is "void" under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law. *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1318-19 (11th Cir. 2001). *See also Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)(A

judgment is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it).

Here, the jurisdiction of this court is premised upon a violation of the FLSA, which is proscribed by a federal statute. *See* 29 U.S.C. § 201 et. seq. As set forth in the defendant's motion to dismiss (Doc. 13), for this court to have subject matter jurisdiction over the plaintiff's FLSA claim, he must establish that 1) he or she was individually engaged in commerce or in the production of goods for commerce ("individual coverage"), or by showing that the employer is an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"); and 2) that the defendant's "annual gross volume of sales or business done" exceeds $500,000. *See* 29 U.S.C. § 207(a)(1).

As set forth in the defendant's motion to dismiss, the plaintiff has failed in both respects. He was not engaged in commerce as contemplated by the statute and the defendant's "annual gross volume of sales or business done" fell woefully short of $500,000. Accordingly, as this court lacked subject matter jurisdiction over the claims made by the plaintiff, and for the reasons set forth in the defendant's initial motion to set aside the judgment entered by this court, the judgment entered against the defendant in this case is void.

WHEREFORE, the defendant requests that this court:

(1) hold a hearing on its claims that service was ineffective, and that this court was without jurisdiction to entertain the plaintiff's underlying claims;

(2) set aside the default judgment entered by this court in the instant matter; and

(3) dismiss the complaint against One Stop Auto Shop Inc.

Dated: June 2, 2014.

Respectfully submitted,

/s/ William H. Thomas Jr.
William H. Thomas, Jr.
Georgia Bar No. 706610
Attorney for the Defendant

The W. H. Thomas Firm, LLC
75 Fourteenth Street, 25th Floor
Atlanta, GA 30309
(404) 897-3523 (ofc)
(678) 965-1781 (fax)

## **LOCAL RULE 7.1D CERTIFICATE**

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1B.

By:   */s/ William H. Thomas Jr.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEANTHONY DOMINECK | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| V. | ) | |
| | ) | 1:12-CV-03673-TWT |
| ONE STOP AUTO SHOP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the plaintiff.

/s/ William H. Thomas Jr.
William H. Thomas Jr.
Attorney for the Defendant

The W.H. Thomas Firm, LLC
75 Fourteenth Street, 25th Floor
Atlanta, GA 30309
(404) 897-3523 (ofc)
(678) 965-1781 (fax)