IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEANTHONY DOMINECK | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| V. | ) | |
| | ) | 1:12-CV-03673-TWT |
| ONE STOP AUTO SHOP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO SET ASIDE THE DEFAULT JUDGEMENT PURSUANT TO FED.R.CIV.PROC. RULE 60(b)(4) AND DEFENDANT'S MOTION TO DISMISS**

COMES NOW the defendant, One Stop Auto Shop, Inc., by and through counsel, William H. Thomas Jr., and files this reply to the Plaintiff's Response to Defendant's Amended Motion To Set Aside The Default Judgment Pursuant to Fed.R.Civ.Proc. 60(b)(4) and to Defendant's Motion to Dismiss.

I.

**Introduction**

The Plaintiff in his response to the Defendant's Amended Motion to Vacate and Motion to Dismiss for lack of subject matter jurisdiction contends that: (1) the court may exercise jurisdiction over the instant claim where there has been no showing by the Defendant of a "plain usurpation of judicial power" in exercising

jurisdiction over a claim for which the court otherwise has no subject matter jurisdiction; (2) that the Defendant must, in addition to his claim of lack of subject matter jurisdiction, assert a meritorious defense to the underlying claims in the complaint, and establish that there will be no prejudice to the Plaintiff before the court may set-aside the judgment; (3) that service by the Plaintiff on the Defendant was proper; and (4) that the failure of the Defendant to respond to the complaint, is in and of itself sufficient for the court to deny the Defendant's motion to set-aside the default judgment.[1] [2]

As set forth herein, these claims are without merit. To the extent that the Plaintiff has cited case law and other legal authority in support of his arguments, those cases and legal authority are not applicable to the facts presented here. Accordingly, this court should grant the Defendant's motions to set-aside the judgment, and dismiss the underlying complaint for lack of subject matter jurisdiction.

## II.

---

[1] The claim of proper service (or the lack thereof) is not further addressed here, nor is the defendant's claim that failing to answer the complaint alone provides a sufficient basis for enforcing the judgment against the Defendant. The defendant relies on, and incorporates the facts, arguments, and legal authority in its initial motions with regards to these contentions. As set forth in the Defendant's initial motion and here, the instant judgment is void for lack of proper service and because the court has no subject matter jurisdiction over the underlying claim. Either one of these grounds are fatal to the Plaintiff's claims. Both exist here.

[2] The Plaintiff in his conclusion makes reference to a trial and initial determinations made by the court at trial regarding a determination regarding the court's jurisdiction. (See Doc. 15 at pg. 16). This appears to be an error as there was no trial in this matter and no prior determination as to jurisdiction by this court.

## Legal Argument

### A. The court may not entertain an action for which there is no subject matter jurisdiction.

The Plaintiff first contends that a lack of subject matter jurisdiction does not always render a judgment void. (Doc. 15, at pg. 4). In making this claim, the Plaintiff relies on the Fourth Circuit's decision in *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir 2005). This decision, however, does not support Plaintiff's contention that a court may uphold a final judgment that is void despite the court's lack of subject matter jurisdiction.

In *Wendt* the court dismissed the plaintiff's claims based on a lack of subject matter jurisdiction over those claims. The statute under which the plaintiff brought those claims, however, specifically authorized an award of attorney's fees to the prevailing party. The defendant sought and was awarded attorney's fees. The plaintiff did not appeal that order but rather, after the time for appeal had passed, sought to set-aside that order pursuant to Rule 60(b)(4), arguing that the court's dismissal of his underlying claims for lack of subject matter jurisdiction divested the court of jurisdiction to award attorney's fees. *Wendt* at 411, 412.

The court disagreed and denied the defendant's motion noting that 60(b)(4) is not a substitute for a timely appeal of the court's decision to award attorney's fees. *Id.* (citations omitted). More importantly, and central to the argument raised here by the Plaintiff, the district court concluded that based on the underlying

3

statute relied on by the plaintiff in requesting relief, it did have subject matter jurisdiction to award the attorney's fees sought by the defendants. *Id*. at 413.

The Fourth Circuit affirmed. In affirming the district court's decision, the court did recognize that there was a split in the circuits over whether a court could award the attorney's fees sought, but that the plaintiff's failure to raise this matter in an appeal precluded the court from addressing the issue of whether the court had the authority to award attorney's fees under that statute when the underlying claim has been dismissed for a lack of subject matter jurisdiction. Moreover, the court recognized that "the mere fact that authorities disagree on this issue confirm[ed] that the district court had an "arguable basis" for jurisdiction." *Wendt* at 414.

Here, the facts are much different than those presented in *Wendt* and thus the Plaintiff's reliance on *Wendt* is misplaced. As set forth in the Defendant's Motion to Dismiss and the Amended Motion to Vacate, the court lacks subject matter jurisdiction because the elements of the statute under which the Plaintiff seeks relief, have not been met. Similarly, the additional cases relied on by the Plaintiff in support of his contentions are not factually analogous and do not address situations where, as here, the claims of the Plaintiff simply do not fall within the purview of the statute and the jurisdiction of the court.[3]

---

[3] Even assuming that in some instances the court may exercise jurisdiction over a claim where there is a lack of subject matter jurisdiction as contended here by the Plaintiff, the cases relied on by him still offer no support in the instant case as such an exercise here would be egregious. In

4

**B.** **<u>There is no requirement that the defendant establish a meritorious defense to the underlying claim before this court may set-aside the judgment.</u>**

The Plaintiff argues that in order to set-aside a default judgment that the defendant must establish that he has a meritorious defense to the underlying claims in the complaint. He further contends that because there was a failure to answer the complaint, the allegations of the complaint must be deemed admitted and as a result there exist no meritorious defense to the allegations here. The Plaintiff suggests that this failure to answer and deny allegations [as to the jurisdictional elements giving rise to the court's jurisdiction and authorizing relief for the Plaintiff] forever precludes the Defendant from contesting those "admitted" facts in a challenge to the Court's jurisdiction. (*See* Doc. 15, at page 7).

First, and foremost, the Plaintiff plainly misstates the law with regard to the Defendant having an obligation to establish a meritorious defense before the court may set aside a judgment that is void. There simply is no requirement that prior to the court granting relief pursuant to Rule 60(b)(4) that the Defendant establish a meritorious defense, and the Plaintiff has cited no case law to the contrary. The

---

*United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000), a case relied on by the Plaintiff, the court stated that "[for the exercise of the court's jurisdiction] to be egregious, and thus void under Rule 60(b)(4), the error must involve a clear usurpation of judicial power, where the court wrongfully extends its jurisdiction beyond the scope of its authority." Here, for the court to exercise its jurisdiction ---- where the defendant has clearly demonstrated that the requirements of the statute have not been met would clearly be beyond the scope of the court's authority and thus would be clearly be egregious.

Supreme Court has plainly rejected this contention. In *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87 (1988), the Court held that imposing upon a party a requirement that he present a meritorious defense prior to vacating a judgment that is void violated the Due Process Clause of the 14th Amendment.

Similarly in *Oldfiled v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210 (11th Cir. 2009), a case cited by the Plaintiff, the Eleventh Circuit plainly stated that in addressing a motion under 60(b)(4) . . . "**[there is no] requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid.")(emphasis added).** In the instant case, the judgment is void and as such it must be set-aside.[4]

Plaintiff goes on to argue that the filed tax returns relied on by the Defendant to establish that this court lacks subject matter jurisdiction are false and unreliable. To the extent that these allegations are raised in the context of whether the

---

[444] It is worth noting that even were the law otherwise, the Plaintiff's claim that the Defendant's failure to deny the allegations of the complaint deems them admitted, and thus forever precludes the Defendant from raising, and this court from inquiring into, or otherwise addressing, the issue of subject matter jurisdiction, is equally without merit. (*See* Doc. 15, at pg. 7). Subject-matter jurisdiction unlike personal jurisdiction can never be waived. It "is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. **For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings** . . .". *Oldfield* 558 F.3d at 1218, n 21. (11th Cir. 2009)(citations omitted)(emphasis added).

Defendant has a "meritorious defense" to the underlying action, these contentions are not relevant. However, to the extent that the court may examine these contentions in assessing whether or not there exists subject matter jurisdiction, these claims are addressed here.

The Plaintiff argues that the tax returns are false because they do not accurately set forth the amount of wages paid to the Plaintiff for the years at issue. In support of this contention, the Plaintiff relies on his affidavit setting forth his alleged salary for the years as issue. First, the Defendant concedes that there has been no response to the complaint. Nonetheless, the Defendant does not concede the accuracy or the veracity of the facts alleged in the underlying complaint. To the extent that these facts are in dispute they are, at least preliminarily, for this court to decide.

First and foremost, the issues of what wages were paid to the defendant in the relevant years loses sight of the main issue raised by the Defendant's motions, that is whether the Defendant's gross volume of sales made or business done exceeds $500,000.00 as is required before the court can exercise jurisdiction over the Plaintiff's claim. Irrespective of what the Plaintiff was paid in wages in the years 2010, 2011, and 2012, the gross receipts or sales of One Stop Auto Shop fell far short of the $500,000 jurisdictional requirement. In the years 2010 to 2012, the Defendant reported gross receipts of $109,125.00.00, $47,533.00, and $63,930.00,

amounts far below what is required for the Plaintiff to have a cognizable claim under the Fair Labor and Standards Act and for this court to have jurisdiction over this matter.

Secondly, in considering the Plaintiff's allegations as to the tax returns, this court should consider that the Defendant would derive no benefit from falsifying facts related to wages paid to an employee. To the contrary, reported wages for employees are a legitimate business expense and would arguably reduce the Defendant's tax burden. Accordingly, it makes no sense that the Defendant would under report wages to an employee intentionally or otherwise as the Plaintiff suggest here. The tax returns of the Defendant clearly establish that this court has no jurisdiction in this matter and that the judgment must be set-aside and the underlying claim dismissed.

C. **The Plaintiff's claim of prejudice is not relevant to the court's consideration of the Defendant's motions.**

The Plaintiff argues that the court must consider the prejudice to the Plaintiff in determining whether the judgment entered in his favor should be set-aside. (See Doc. 15, at p. 8). Like Plaintiff's contention related to the necessity of defendant establishing a meritorious defense before relief can be granted under 60(b)(4), his contention that lack of prejudice must be established is similarly unsupported by any case law. While the defendant claims that "some courts have also considered whether setting aside the judgment will result in substantial prejudice to the non-

defaulting party" he fails to cite any court which has made this contention in the context of a motion brought pursuant to Rule 60(b)(4). Accordingly, this unsupported allegation must be rejected. The issue of prejudice is simply not a consideration where the court is without subject matter jurisdiction and the judgment is void.

## **Conclusion**

Based on the above and foregoing, the Defendant prays that this court

(1) Hold a hearing on his claim that the judgment entered by this court against him and in favor of the Plaintiff is void;

(2) Set-aside the default judgment; and

(3) Dismiss the underlying complaint against the defendant.

Dated: June 28, 2014

/s/ William H. Thomas Jr.
William H. Thomas Jr.
Attorney for the Defendant

The W.H. Thomas Firm, LLC
75 Fourteenth Street, 25th Floor
Atlanta, GA 30309
(404) 897-3523 (ofc)
(678) 965-1781 (fax)

**LOCAL RULE 7.1D CERTIFICATE**

The undersigned hereby certifies that the foregoing has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1B.

By: ___*/s/ William H. Thomas Jr.*___

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DEANTHONY DOMINECK | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| V. | ) | |
| | ) | 1:12-CV-03673-TWT |
| ONE STOP AUTO SHOP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for the Plaintiff.

/s/ William H. Thomas Jr.
William H. Thomas Jr.
Attorney for the Defendant

The W.H. Thomas Firm, LLC
75 Fourteenth Street, 25th Floor
Atlanta, GA 30309
(404) 897-3523 (ofc)
(678) 965-1781 (fax)