IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEANTHONY DOMINECK,

    Plaintiff,

      v.

ONE STOP AUTO SHOP, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-3673-TWT

## OPINION AND ORDER

This is an FLSA action for unpaid overtime. It is before the Court on the Defendant's Motion to Set Aside the Default Judgment [Doc. 14] and the Defendant's Motion to Dismiss [Doc. 13]. For the reasons set forth below, the Defendant's Motion to Set Aside the Default Judgment [Doc. 14] is GRANTED and the Defendant's Motion to Dismiss [Doc. 13] is DENIED.

## I. Background

From 2005 to 2012, the Plaintiff Deanthony Domineck was a "tire shop technician" for the Defendant One Stop Auto Shop, Inc.[1] The Plaintiff alleges that during his final three years of employment, he often worked in excess of forty hours

---

[1]    Compl. ¶¶ 13-14.

per week but did not receive overtime pay.[2] The Plaintiff brought suit under the Fair Labor Standards Act ("FLSA") claiming that he was improperly classified as "exempt" under the FLSA, and thus wrongfully denied overtime pay. The Defendant initially failed to file any motion or response pleading, and so the Court granted the Plaintiff's Motion for a Default Judgment on February 8, 2013.[3] The default judgment was then entered on February 11, 2013.[4] The Defendant now moves the Court to set aside the default judgment, and to dismiss the Plaintiff's claim.

## II. Legal Standard

### A. Motion to Set Aside Default Judgment

Under Fed. R. Civ. P. 55(c), the Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The term "good cause" is not "susceptible to a precise formula."[5] It "is a mutable standard, varying from situation to situation . . . [and] a liberal one – but not so elastic as to be devoid of substance."[6] To determine whether "good cause" has been shown, courts

---

[2]    Compl. ¶¶ 16-17.

[3]    [Doc. 8].

[4]    [Doc. 9].

[5]    Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

[6]    Id. (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.1989)).

often consider: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default."[7]

Further, under Fed. R. Civ. P. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

---

[7]    S.E.C. v. Johnson, 436 Fed. Appx. 939, 945 (11th Cir. 2011).

**B. Motion to Dismiss**

A plaintiff may survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the factual allegations in the Complaint give rise to a plausible claim for relief.[8] For a claim to be plausible, the supporting factual matter must establish more than a mere possibility that the plaintiff is entitled to relief.[9] In determining whether a plaintiff has met this burden, the Court must assume all of the factual allegations in the Complaint to be true. The Court, however, need not accept as true any legal conclusions found in the Complaint.[10]

### III. Discussion

**A. Motion to Set Aside Default Judgment**

The Defendant claims that, under Rule 60(b)(4), the default judgment must be set aside because it is void. In support, the Defendant first argues that the Court does not have subject-matter jurisdiction over the Plaintiff's FLSA claim because the

---

[8]    See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

[9]    See Iqbal, 556 U.S. at 678.

[10]    See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted).

Defendant is not subject to the FLSA's overtime requirement. The FLSA states that "[e]xcept as otherwise provided in [29 U.S.C. § 207], no employer shall employ any of his employees who in any workweek is [1] engaged in commerce or in the production of goods for commerce [individual coverage], or [2] is employed in an enterprise engaged in commerce or in the production of goods for commerce [enterprise coverage], for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[11] The Defendant argues that neither the individual nor the enterprise coverage provisions are applicable here, and so the Plaintiff has failed to satisfy the "commerce requirement" of 29 U.S.C. § 207(a)(1). The Court concludes that the Defendant's argument is an attack on the merits of the Plaintiff's claim, not on this Court's jurisdiction to entertain it.

The "basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332."[12] Section 1331 "provides for '[f]ederal-question' jurisdiction" and a "plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the

---

[11]     29 U.S.C. § 207(a)(1).

[12]     Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).

United States."[13] Congress, however, can certainly impose further limitations on federal-question jurisdiction.[14] Congress, for example, could have made the commerce requirement "'jurisdictional,' just as it has made an amount-in-controversy threshold an ingredient of subject-matter jurisdiction in delineating diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332."[15]

Here, the Plaintiff has asserted a claim under the FLSA – a federal statute – and so this case "arises under" federal law. The question is whether the commerce requirement in section 207(a)(1) is a limitation on federal-question jurisdiction or simply an element of the Plaintiff's claim. The United States Supreme Court's decision in Arbaugh v. Y&H Corp.[16] is controlling. There, the dispute concerned "the proper classification of Title VII's statutory limitation of covered employers to those with 15 or more employees."[17] The Court noted that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and

---

[13]     Id.

[14]     See, e.g., United States v. Alisal Water Corp., 431 F.3d 643, 650 (9th Cir. 2005) (the "general grant of federal question jurisdiction is not limitless – Congress may negate district court jurisdiction '[b]y virtue of . . . a specific reference or assignment.'").

[15]     Id. at 514-515.

[16]     546 U.S. 500 (2006).

[17]     Id. at 510.

ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination."[18] Then, after pointing out that "the 15-employee threshold appears in a . . . provision that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," the Court found the requirement to be "an element of a plaintiff's claim for relief."[19] The Court made clear that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."[20]

The same reasoning applies to the commerce requirement in the FLSA's overtime provision. As another District Court in this Circuit has put it: "Nothing in . . . the FLSA indicates that Congress intended that the individual coverage or enterprise coverage restrictions be jurisdictional . . . [thus] the Court must apply the bright line rule articulated in Arbaugh and find that individual or enterprise coverage under the FLSA is an element of a plaintiff's claim for relief, not a jurisdictional threshold."[21] Even more, at least one other Circuit Court has reached the same

---

[18]     Id. at 511 (internal citations and quotation marks omitted).

[19]     Id. at 515-16 (internal quotation marks omitted).

[20]     Id. at 516.

[21]     Rodriguez v. Diego's Rest., Inc., 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009).

conclusion.[22] Consequently, the Defendant's claim that it is not subject to the FLSA's overtime requirement is an attack on the merits, and so it would not justify setting aside the default judgment under FED. R. CIV. P. 60(b)(4).

The Defendant then argues that the default judgment is voidable because the Defendant was not served with the summons and Complaint. Generally, "where service of process is insufficient, the court has no power to render judgment and the judgment is void."[23] The Plaintiff claims to have properly served the Defendant under FED. R. CIV. P. 4(h), which states that "a domestic . . . corporation . . . [may] be served . . . in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." In support, the Plaintiff submitted an affidavit by the process server indicating that the Defendant's owner – Earl Cleveland – was served on November 12, 2012.[24] In response, the Defendant submitted an affidavit by Cleveland where he

---

[22]    See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) ("The FLSA places the [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the [annual dollar value] limitation is jurisdictional.").

[23]    In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003).

[24]    [Doc. 5].

denied being served on November 12, 2012.[25] Based on this evidence alone, the Court cannot determine whether the Defendant was indeed served. Fortunately, the Motion to Set Aside the Default Judgment may be resolved on other grounds.

Although the judgment may not be set aside under FED. R. CIV. P. 60(b)(4), it may still be set aside for "good cause."[26] For three reasons, good cause exists here. First, the Defendant has presented a possible meritorious defense. To be clear, a meritorious defense is one that is "'good at law' without reference to the likelihood of success."[27] Here, the Defendant claims that it does not come within the scope of the FLSA, and so it is not obligated to pay overtime wages. If the Defendant is correct, this would dispose of the Plaintiff's claim. Second, the default judgment, if sustained, would impose a significant financial loss on the Defendant. Specifically, the Defendant would have to pay over $54,000[28] in damages without even having litigated his defense. Third, the Plaintiff has failed to demonstrate that he would be prejudiced if the lawsuit were reopened and decided on the merits. And given that "defaults are

---

[25]    Cleveland Aff. ¶ 3.

[26]    See FED. R. CIV. P. 55(c).

[27]    Shepard Claims Serv., Inc. v. William Darrah & Associates, 796 F.2d 190, 192-93 (6th Cir. 1986).

[28]    [Doc. 9].

seen with disfavor because of the strong policy of determining cases on their merits,"[29] the Court will set aside the default judgment.

## B. Motion to Dismiss

The Defendant argues that the Plaintiff's claim must be dismissed because the Defendant is not subject to the FLSA. As noted, to prevail on his overtime claim, the Plaintiff must establish either individual or enterprise coverage.[30] The Plaintiff claims that the Defendant is subject to the FLSA under the enterprise coverage provision.[31] An employer "falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'"[32]

In arguing that the enterprise coverage provision is inapplicable, the Defendant claims that its "annual gross volume of sales made or business done" is less than $500,000. But the Plaintiff expressly alleges in the Complaint that the Defendant

---

[29]     Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

[30]     29 U.S.C. § 207(a)(1).

[31]     Compl. ¶¶ 7-11.

[32]     Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).

"made gross earnings of at least $500,000 annually,"[33] and the Court must assume that to be true. The Defendant – believing that his argument was a challenge to the Court's subject-matter jurisdiction – submitted evidence on this question which the Court may not consider at this stage in the litigation. Accordingly, the Defendant's Motion to Dismiss must be denied.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant's Motion to Set Aside the Default Judgment [Doc. 14] and DENIES the Defendant's Motion to Dismiss [Doc. 13].

SO ORDERED, this 17 day of September, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[33]    Compl. ¶ 7.